■ CAROL J. CAPONE, Respondent, v CHESEBROUGH POND'S, INC., Appellant.—Order unanimously reversed, on the law, without costs, motion granted and complaint dismissed. Memorandum: Special Term erred in denying defendant's motion for summary judgment.

Plaintiff was hired as a laborer at defendant's Rochester plant on October 4, 1978. From November 27, 1978 to January 8, 1979 she was absent from work, allegedly because she had pneumonia. During the ensuing six months after her return to work she was absent 27 days, of which 15 days were claimed to be for medical reasons. Despite a written warning that further absenteeism would result in disciplinary action, plaintiff missed an additional 9 days of work.

In 1980, the pattern of absenteeism continued. She missed 3 1/2 days in January, nine days in February and had intermittent absences for the next two months. From April 21, 1980 to the date of her discharge on July 7, 1980, plaintiff failed to come to work. During this period of time various messages

were delivered to defendant by plaintiff's husband indicating her illnesses and various dates upon which she expected to return to work. Plaintiff fulfilled none of these commitments. Medical reports were received by defendant from plaintiff's physician indicating her ability to return to work. Plaintiff did not return. On June 10, 1980 defendant sent a telegram to plaintiff advising her of her failure to provide her employer with requested medical updates of her condition. Plaintiff responded that she had a scheduled tonsillectomy on June 20, 1980 and would need two to three weeks for recuperation thereafter. A doctor's note verified this. On June 23, 1980 defendant's plant nurse telephoned plaintiff's home at least twice and received no response.

On June 25, 1980 a letter was sent to plaintiff indicating that she must provide signed statements from a physician establishing that she was actually disabled from April 21 through July 6, 1980, and that no further requests for medical leave would be permitted beyond July 6.

On July 7, 1980, the date upon which plaintiff was required to resume her employment, her husband delivered a doctor's note to defendant indicating that she could return to work on July 15, 1980. On July 8, plaintiff telephoned defendant's personnel director and was told she could still have her job if she returned to work immediately, or could have an additional week off provided that she used vacation time for this period. Plaintiff chose not to avail herself of either option and the defendant thereafter considered her as having abandoned her job, effective July 7, 1980. This factual scenario is not refuted by plaintiff.

Plaintiff's assertion that the company violated its employees' handbook in terminating her as of July 7 although her physician stated she could not return to work before July 15 is without merit. She relies on a provision requiring written approval of a physician before an employee may return to work from medical leave. In the first place, plaintiff never obtained prior written approval for medical leave as required by the handbook. That aside, plaintiff could have returned to work on July 15 had she chosen to utilize one week of vacation time. Nowhere in the record does plaintiff indicate that she appeared for work on July 15. Plaintiff also seeks to rely on a further provision of the handbook which states "[n]o Employee who fulfills the job requirements and abides by accepted standards of good conduct will be willfully discharged." From the date of her employment to the date of her discharge she worked only 69% of the available time. In spite

of largely unexplained absences, defendant exhibited uncommon patience with plaintiff. Even if plaintiff could establish reliance on the handbook raising it to the level of an employment contract (*Weiner v McGraw-Hill, Inc.*, 57 NY2d 458), nothing in this record persuades us that its provisions were violated. (Appeal from order of Supreme Court, Monroe County, Curran, J.—summary judgment.) Present—Hancock, Jr., J. P., Callahan, Doerr, Denman and Green, JJ.